[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Terry Austin, appeals the trial court's adjudication that he is a sexual predator. In his single assignment of error, Austin maintains that there was insufficient evidence to support this adjudication. We disagree.
Sexual-predator proceedings under R.C. Chapter 2950 are civil in nature.[1] Accordingly, our review here centers on whether the trial court's adjudication was supported by some competent, credible evidence going to the essential elements of the case.[2] At a sexual-predator hearing, the state has the burden to show, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to a sexually-oriented offense and is likely to engage in the future in one or more sexually-oriented offenses.[3] When determining whether an offender is a sexual predator, the trial court may give credit to reliable hearsay, such as a presentence-investigation report.[4]
Additionally, ten factors are outlined in R.C. 2950.02(B)(2) for determining the probability that an individual will re-offend. Further, since the judge in this case presided over the original trial and sentencing of Austin, he could take judicial notice of the prior proceedings.[5]
Austin was sentenced to a prison term of fourteen to twenty-five years on July 27, 1981, following a jury trial where he was found guilty of one count of rape and one count of escape. Nineteen years later, Austin was returned to the trial court for a sexual-predator hearing. The trial judge considered a presentence-investigation report, which detailed Austin's prior criminal record, the trial and sentencing transcript, and a sexual-predator screening checklist.
According to the trial transcript, the victim's friend had arranged a ride home from a late-night party. Austin was a passenger in the car. The driver, instead of taking the two women home, drove to a deserted park and told the women to leave the car because he was expecting a drug deal. As the victim left the car, Austin approached her from behind and begin beating her. He dragged her behind some bushes and raped her. While raping her, he repeatedly choked the victim and, finally, threatened to kill her. Austin and the driver then left the park, stranding the victim and her friend. After Austin was arrested, he escaped from the arresting officer. He was apprehended at a later date. Defense counsel indicated, at the sexual-predator hearing, that Austin denied the facts as they were established at trial, contending that he knew victim and did not intend to hurt her. Austin presented no evidence of rehabilitation, except that his counsel stated that he had earned his "GED degree * * * and signed up for stress management and other courses." It is not clear from the record whether Austin completed any of the courses, but there is a representation in his appellate brief that he attended "sexual predator programs."
Austin's rape conviction involved a sexually-oriented offense as defined by R.C. 2950.01(D)(1). Further, the evidence shows that Austin had met three of the markings of a sexual-predator under R.C.2950.09(B)(2). First, he was convicted of rape while on parole. Second, Austin had an extensive prior criminal record, both as a juvenile and an adult, including several robbery and assault convictions and a conviction for aggravated burglary with the intent to inflict harm. Third, he displayed cruelty by choking the victim and threatening her.
After reviewing the record in its entirety, we conclude that there was sufficient evidentiary material to produce a firm belief that Austin was likely to commit another sexually-oriented offense. Accordingly, the trial court could have properly found by clear and convincing evidence that Austin is a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.
[1] State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970282, C0970283, and C-970301, unreported.
[2] C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[3] R.C. 2950.09(B)(3).
[4] State v. Cook (1998), 83 Ohio St.3d 404, 426, 700 N.E.2d 570,587.
[5] Lance, supra; State v. Neblett (Aug. 21, 1998), Hamilton App. No. C-970541, unreported.